IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEVENDER SINGH

Petitioner,

v.                                                    No. 2:26-cv-00812-KG-DLM

TODD LYONS, et al.,

Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Devender Singh's Petition for a Writ of Habeas

Corpus, Doc. 1, and the Government's Objections, Doc. 9.  After reviewing the parties'

submissions and a digital audio recording ("DAR") of the bond proceeding, the Court denies the

petition.[1]

**I.       Background**

Petitioner is a citizen of India who entered the United States in September 2023.  Doc. 1

at 3.  He was arrested by Immigration and Customs Enforcement ("ICE") in November 2025 and

has been detained at the Otero County Processing Center in New Mexico since then.  *Id.* at 1.

Petitioner originally filed a Petition for Writ of Habeas Corpus in this Court in December

2025.  *See Singh v. Noem*, No. 2:25-cv-01256, Doc. 1 (D.N.M.).  The Court held there that

Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act

("INA").  *See Singh v. Noem*, 2026 WL 252466, at *2.  The Court ordered a new bond hearing

where the Government bore the burden of justifying Petitioner's continued detention by clear

---

[1] The DAR of the Bond Hearing (February 5, 2026) is on file with the Court and lodged
at Doc. 10 (the "Audio Recording").

1

and convincing evidence.  *Id.* at *3.  That case was closed on February 13, 2026.

An immigration judge ("IJ") presided over the new bond hearing on February 5, 2026. Doc. 1 at 2.  During the hearing, the IJ explicitly stated that the Court "shifted the burden from [Petitioner]...to DHS."  Audio Recording at 4:17.  The Government argued that Petitioner is a "significant flight risk" and has "no family ties in the United States and [his] siblings are in India."  *Id.* at 5:06.  In addition, because of Petitioner's prior order of removal, the Government also argued that the relief Petitioner seeks is "highly speculative."  *Id.* at 27:35.  After hearing from Petitioner's counsel, the IJ found that "due to the pending appeal, lack of U.S. ties, and manner of entry" bond was denied.  *Id.* at 44:12.  The IJ also informed Petitioner of his right to appeal the bond order to the Board of Immigration Appeals ("BIA").  *Id.* at 44:40.

Petitioner commenced this separate action on March 18, 2026.  Doc. 1.  He argues that the February 5, 2026, bond hearing "failed [him]" and requests that the Court "order Respondents to provide Petitioner with a constitutionally adequate bond hearing" or "immediately release" him.  Doc. 1 at 15.  Petitioner also filed a Motion for Temporary Restraining Order, Doc. 12, on April 9, 2026, requesting the same relief.  The Government opposes the petition and argues that the "proper venue to bring forth any issues with the hearing is via the appellate method set forth in the immigration courts."  Doc. 9 at 2.

## II.   *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order.  Under ordinary circumstances, "the burden" at an 8 U.S.C. § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted.  *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.).  In granting Petitioner's habeas petition, however, this Court shifted the burden to the Government.  *See Singh*, 2026 WL 252466, at *2.  Nothing in the record demonstrates that

the IJ failed to apply the burden-shifting framework.  To the contrary, the IJ acknowledged that

DHS bore the burden of justifying detention, and the Government made individualized

arguments for Petitioner's continued detention.  *See* Audio Recording at 5:06.  This Court's

jurisdiction does not extend to reconsidering the IJ's bond determination once those procedures

are followed.  A review of the bond determination is for the BIA.

### III.   *Conclusion*

The Court denies the Petition, Doc. 1.  Petitioner's Motion for a Temporary Restraining

Order, Doc. 12, is denied as moot..

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.